IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS JOHNSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0382 |
| | : | |
| JOHN WETZEL, *et al.*, | : | |
|     Defendants. | : | |

## ORDER

**AND NOW**, this 21st day of June 2022, upon consideration of Plaintiff Thomas Johnson's Motions to Proceed *In Forma Pauperis* (ECF Nos. 9 & 10), and his Complaint (ECF No. 2) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. For the reasons discussed in the Court's Memorandum, Johnson's Complaint is **DISMISSED** in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as follows:

    a. All claims based on the denial of or lack of response to grievances are **DISMISSED WITH PREJUDICE**.

    b. All remaining claims are **DISMISSED WITHOUT PREJUDICE** and with leave to file an amended complaint.

4. Johnson may file an amended complaint within thirty (30) days of the date of this Order only as to those claims dismissed without prejudice. Any amended complaint must identify all defendants in the caption in addition to identifying them in the body of the amended complaint and shall state the basis for Johnson's claims against each defendant. The amended

complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case.  When drafting his amended complaint, Johnson should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so ordered by the Court.

5.  The Clerk of Court is **DIRECTED** to send Johnson a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Johnson may use this form to file his amended complaint if he chooses to do so.[1]

6.  If Johnson does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.[2]

7.  If Johnson fails to file any response to this Order, the Court will conclude that Johnson intends to stand on his Complaint and will issue a final order dismissing this case.  *See*

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

[2] *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/Wendy Beetlestone, J

**WENDY BEETLESTONE, J.**